UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY WILLIAM FIELDER, JR., Plaintiff, v. CLARK COUNTY, et al., Defendants. | CASE NO. 3:26-cv-05553-LK<br>ORDER DISMISSING CASE AND DENYING MOTION TO APPOINT COUNSEL |

This matter comes before the Court on Plaintiff Anthony Fielder, Jr.'s Motion to Appoint Counsel. Dkt. No. 9. For the reasons set forth below, the Court denies the motion and dismisses the complaint.

## I. BACKGROUND

Mr. Fielder, Jr. filed a motion to proceed in forma pauperis ("IFP") and his proposed pro se complaint on May 28, 2026. Dkt. No. 1. United States Magistrate Judge Theresa L. Fricke granted the application to proceed IFP but recommended that the Court review the complaint under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 7.

Mr. Fielder, Jr. has sued Clark County, the "Guardian ad litem sitting court commissioner," the biological mother of his child, and the child's adoptive parents. Dkt. No. 8 at 2–3. He asserts a claim under 42 U.S.C. § 1983, alleging that his Fourteenth Amendment due process rights were violated "through system[ic] extraneous fraud and structur[al] error" in custody proceedings in 2001 and 2002. *Id.* at 3–5. He seeks a declaratory judgment "declaring the 2002 termination and adoption order" of his child in Clark County to be "void ab initio" as well as compensatory and punitive damages. *Id.* at 5.

## II. DISCUSSION

### A. The Court Lacks Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that the Court can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019). The typical bases for federal jurisdiction are established where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) the parties have diverse citizenship (e.g., are residents of different states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

The Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction" over the case. Fed. R. Civ. P. 12(h)(3). In addition, under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss plaintiffs' complaints if their claims (1) are frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). "Absent a substantial federal question," a district court lacks subject matter jurisdiction under Section 1331, and claims that are "wholly insubstantial" or "obviously frivolous" are insufficient to "raise a

substantial federal question for jurisdictional purposes." *Shapiro v. McManus*, 577 U.S. 39, 45–46 (2015); *see also Bell v. Hood*, 327 U.S. 678, 682–83 (1946).

"Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)). To establish liability under Section 1983, "a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (quoting C*hudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011)).

Mr. Fielder, Jr. alleges that this Court has jurisdiction under 42 U.S.C. § 1983 because "[t]his action arises from fraudulent deprivation of [his] fundamental parental rights without due process alongside profound structural errors" in a Clark County child custody case. Dkt. No. 8 at 4. Mr. Fielder, Jr. sues his child's biological mother and the child's adoptive parents, *id.* at 3, but actions by private parties generally do not constitute action under color of state law, *see Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) (as amended). As for the other Defendants—Clark County and the "Guardian ad litem sitting court commissioner," Dkt. No. 8 at 2, Mr. Fielder, Jr. does not explain how they allegedly violated his constitutional rights.[1] The "mere mention of 42 U.S.C. § 1983 and particular constitutional provisions does not establish jurisdiction where the complaint on its face discloses the absence of an essential element of such a claim." *Taylor v. Lai*, No. C13-1425-JLR, 2013 WL 6000068, at *3 (W.D. Wash. Nov. 12, 2013) (citation modified).

---

[1] Although the facts in the record are not developed about the Defendant "Guardian ad litem sitting court commissioner," Dkt. No. 8 at 2, that person may not have been acting under color of state law if they were appointed to that role as a private person. *Talor v. Barnett*, No. CV 25-2433-KK (JPR), 2025 WL 1192676, at *3 (C.D. Cal. Apr. 24, 2025). Alternatively, if they were acting as a court commissioner, they are likely entitled to judicial immunity. *Green-Jordan v. Taylor*, No. 5:22-00170-DMG (ADS), 2023 WL 4291849, at *3 (C.D. Cal. May 3, 2023). Under either circumstance, they are not a proper party.

Additional problems highlight the frivolous nature of the complaint. Mr. Fielder, Jr. takes issue with a custody determination and proceedings that occurred in 2001 and 2002, Dkt. No. 8 at 4–5, but any Section 1983 claim based on those decades-old events is time barred, *Boston v. Kitsap Cnty.*, 852 F.3d 1182, 1185 (9th Cir. 2017) (Washington's "catch-all" three-year limitations period applies to Section 1983 claims (citing Wash. Rev. Code § 4.16.080(2)). And given the passage of time, Mr. Fielder, Jr.'s request for a declaratory judgment declaring the 2002 "termination and adoption order . . . void ab initio" appears moot. Dkt. No. 8 at 5. The child is now an adult, and Mr. Fielder, Jr. does not allege that he can "obtain relief for his claim" through a declaratory judgment at this point. *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999) ("If there is no longer a possibility that [a litigant] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."). Federal courts lack jurisdiction over moot questions. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam). For all of these reasons, the Court lacks subject matter jurisdiction and must dismiss this action.

**B. The Court Denies Leave to Amend**

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, amendment is not warranted because Mr. Fielder, Jr. has not established the Court's subject matter jurisdiction, and his claims based on events in 2001 and 2002 are long since time-barred as discussed above.

**C. The Court Declines to Appoint Counsel**

"Unlike in criminal cases that implicate the Sixth Amendment right to counsel, civil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). The

Court does, however, have discretion to "request" appointment of counsel for indigent litigants pursuant to Section 1915(e)(1) in "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The exceptional-circumstances inquiry requires the Court to consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1986). Neither consideration is dispositive, and the Court must view them together. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered Mr. Fielder, Jr.'s likelihood of success and the complexity of the legal issues involved, the Court finds that he has not demonstrated exceptional circumstances warranting the appointment of counsel. Because Mr. Fielder, Jr.'s claims do not establish this Court's subject matter jurisdiction for the reasons stated above, the likelihood of success is nonexistent. Mr. Fielder, Jr. has also demonstrated his ability to articulate his claims pro se. *See, e.g.*, Dkt. No. 8. "While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of 'exceptional circumstances.'" *Hernandez v. Faulkner*, No. 3:24-CV-00278-ART-CLB, 2026 WL 257440, at *1 (D. Nev. Jan. 30, 2026) (quoting *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc)). Therefore, the Court declines to appoint counsel.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Fielder, Jr.'s motion to appoint counsel, Dkt. No. 9, and DISMISSES his complaint, Dkt. No. 8, without leave to amend.

Dated this 24th day of August, 2026.

Lauren King
United States District Judge